DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed May 5, 2008, and a second request filed in its report to the court dated July 25, 2008, requesting that the Complaint be dismissed.
Plaintiff appealed Defendant's assessment of a manufactured structure (kiosk) located on Plaintiff's property. Plaintiff's Complaint requested that the property "value" be reduced to "2006/2005." During the case management conference held June 25, 2008, Defendant's representative, Barron Hartwell (Hartwell) informed Plaintiff that even though the real market value of his property was $807,950, the assessed value was $234,580. A discussion of Oregon's property tax system followed.
After that discussion, Plaintiff verbally amended his Complaint. Plaintiff alleged that the kiosk was "licensed" and therefore could not be taxed as real property. Subsequent to the case management conference, Hartwell reviewed Defendant's records and confirmed that the kiosk is not licensed. (Def's Ltr, July 25, 2008.) After confirming that the "method of installation" of the kiosk "on the site * * * met the test of defining the structure as real property," Hartwell concluded that "the county will continue to value and assess the manufactured structure as real property." (Id.) *Page 2 
On August 6, 2008, Plaintiff submitted a written response to Hartwell's letter. Plaintiff stated that Defendant's conclusion "that this kiosk is a permanent structure is wrong." (Ptf's Ltr, Aug 4, 2008.) He explained how he followed "all the steps required of us by the State of Oregon to build a temporary structure" and complied with additional requirements "required of us by the City of Gresham." (Id.) Plaintiff concluded his remarks by stating that it is the "lesser of the two evils to go along with the County. * * * by having Mr. Hartwell's letter in our files we will at least have a leg to stand on with future licensing issues with the City of Gresham. We will cross that bridge at that time." (Id.)
Based on Plaintiff's written statement that he will "go along with the County," the court grants Defendant's Motion to Dismiss. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
 Dated this ____ day of September 2008. *Page 1